UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT D. SANGO #252200,

    Plaintiff,                                             Hon. Janet T. Neff

v.                                                           Case No. 1:19-cv-1047

UNKNOWN KENNSEY, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendants' Motion for Summary Judgment (ECF No. 24) based on Plaintiff's failure to exhaust his administrative remedies. Plaintiff has filed a response (ECF No. 26), and Defendants have filed a corrected reply (ECF No. 29). Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that Defendants' motion be **DENIED**.

### I. Background

Plaintiff, a prisoner incarcerated with the Michigan Department of Corrections (MDOC), sued MDOC employees Unknown Kennsey, Unknown Povistak,[1] Unknown Crofoot, and Unknown Coleman pursuant to 42 U.S.C. § 1983. Defendants are corrections officers at Muskegon Correctional Facility (MCF) in Muskegon, Michigan, where all of the events giving rise to Plaintiff's claims occurred.

Plaintiff alleges that, on some unspecified date, Defendants Kennsey and Crofoot made statements in front of other prisoners that Plaintiff was assisting in a big drug investigation at Ernest C. Brooks Correctional Facility and that he should get a medal of honor for all of the guys

---

[1] This defendant is referred to in the complaint and on the docket as Unknown Povastack.

1

he helped put away. Plaintiff further alleges that Defendant Kennsey and non-Defendant Brock said that they were working to make sure Plaintiff got stabbed for suing Brock. Plaintiff alleges that he wrote to the inspector that Defendant Coleman was in danger in connection with his smuggling activities, and when Coleman found out, he worked with Brock and began telling people that Plaintiff was working with the State Police on a big drug bust at Brooks. Finally, Plaintiff alleges that Defendant Povistak accused Plaintiff of telling people that he has a child by a white female officer who has other children by a black man. Defendant Povistak made a racial slur and dared Plaintiff to fight him. Defendant Kennsey and Brock recruited Povistak to have a food service worker put bodily fluid from a prisoner with HIV/AIDS in Plaintiff's food.

Defendants move for summary judgment, arguing that Plaintiff failed to exhaust his claims.

## II.  Summary Judgment Standard

Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Material facts are facts that are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the

2

burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001)). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

### III. Discussion

The Supreme Court has held that a prisoner properly exhausts a claim for purposes of 42 U.S.C. § 1997e(a) by complying with the prison's "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated:

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218. A prisoner incarcerated with the MDOC must "pursue a grievance through all three steps of the grievance process [set forth in MDOC Policy Directive 03.02.130]." *Weatherspoon v. Strahan*, No. 18-2210, 2019 WL 5306842, at *1 (6th Cir. June 4, 2019).

MDOC Policy Directive 03.02.130 sets forth the applicable grievance procedure for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner is required to "attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control or if the issue falls within the jurisdiction of Internal Affairs." Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ Q

3

(effective 03/18/2019). If this attempt is unsuccessful (or is inapplicable), the prisoner may submit a Step I grievance. *Id.* The Step I grievance must be submitted within five business days after attempting to resolve the matter with staff. *Id.* The issues asserted in a grievance "should be stated briefly but concisely," and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ S.

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within 10 business days of the response, or if no response was received, 10 business days after the response was due. *Id.* at ¶ DD. If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. *Id.* at ¶ HH. The Step III grievance must be submitted within 10 business days after receiving the Step II response, or if no Step II response was received, within 10 business days after the date the Step II response was due. *Id.*

In support of their motion, Defendants attach a Step III Grievance Report for Plaintiff that shows that Plaintiff has not exhausted a Step III grievance since November 3, 2015. (ECF No. 25-3.) The report further shows that Plaintiff did not file any grievances while he was housed at MCF from August 21, 2018, through February 27, 2020.

Plaintiff does not deny that he failed to pursue a grievance through Step III against any Defendant. Citing *Ross v. Blake*, 136 S. Ct. 1850 (2016), however, Plaintiff argues that the grievance process was unavailable to him due to threats by Defendants. In *Ross*, the Supreme Court observed that a grievance process is unavailable where, among other things, "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* at 1859. The Court noted that exhaustion is not required "when prison administrators thwart inmates from taking advantage of a grievance process through machination,

4

misrepresentation, or intimidation." *Id.* at 1860; *see also id.* at 1860 n.3. Similarly, the Sixth Circuit has held that exhaustion may be excused where a prisoner presents concrete and specific facts showing intimidation that would deter a person of ordinary firmness from continuing to use the prison's grievance process. *Himmelreich v. Fed. Bureau of Prisons*, 766 F.3d 576, 577–78 (6th Cir. 2014).

Although the *Ross* court did not elaborate on the term "intimidation," courts have found allegations of specific threats sufficient to render the grievance process unavailable—even when the threats were not explicitly made in the context of filing a grievance—so long as they suggested that the plaintiff would be subjected to serious negative consequences if he used the grievance process to complain to prison officials. *See Sango v. Brandt*, No. 1:19-cv-58, 2019 WL 8399788, at *2 (W.D. Mich. Dec. 6, 2019), *report and recommendation adopted*, 2020 WL 1814111 (W.D. Mich. Apr. 9, 2020) (concluding that the plaintiff's allegations that the defendants attempted to recruit other prisoners to attack him after he reported previous wrongdoing by two of the defendants to prison officials sufficed to establish specific threats of intimidation that rendered the grievance process unavailable to the plaintiff); *Jackson v. Coronado*, No. 2:18-cv-19, 2019 WL 5273530, at *3 (W.D. Mich. May 30, 2019), *report and recommendation adopted*, 2019 WL 3886541 (W.D. Mich. Aug. 19, 2019) (the plaintiff's allegations that the defendants retaliated against him for filing a civil rights complaint by (1) placing him in a suicide cell when he was not suicidal, (2) destroying or damaging his legal papers, (3) threatening to sexually assault him, and (4) telling him that he would be beaten to death if he did not drop his lawsuit created an issue of fact as to whether the grievance process was available to the plaintiff). In *Gilmore v. Ormond*, No. 19-5237, 2019 WL 8222518 (6th Cir. Oct. 4, 2019), the Sixth Circuit concluded that the plaintiff's allegation that his case manager threatened to show other inmates documents indicating that the

plaintiff had cooperated with law enforcement if the plaintiff filed a grievance created a genuine issue of material fact as to whether prison officials impeded the plaintiff's use of the grievance system. *Id.* at *2. The court observed that "[e]xposing Gilmore as an informant would have put him in serious jeopardy of physical harm from other inmates, and for purposes of summary judgment, this alleged threat was sufficient to make the grievance system unavailable to him." *Id.*

Here, Plaintiff alleges in his verified complaint that, in retaliation for his lawsuit against non-Defendant Brock, Defendant Brock recruited Defendants Kennsey and Crofoot to expose Plaintiff to a risk of physical harm from other inmates by telling them that plaintiff was cooperating with law enforcement. Plaintiff further indicates that Kennsey and Brock recruited Defendant Povistak in their efforts to retaliate against Plaintiff. Finally, Plaintiff alleges that Defendant Coleman joined Brock in spreading the same story about Plaintiff to others in response to Plaintiff's report of Coleman's improper activities to prison officials. Plaintiff reiterates these allegations with regard to Defendants Kennsey and Crofoot in his declaration submitted in response to Defendants' motion. (ECF No. 27.) In my opinion, Plaintiff's allegations concern specific occurrences and threats and are, therefore, distinct from a "mere allegation of a generalized fear of retaliation." *Briscoe v. D'Agata*, No. 14-CV-7384, 2016 WL 3582121, at *8 (S.D.N.Y. June 27, 2016) (post-*Ross* decision noting that mere concerns of intimidation are insufficient to excuse failure to exhaust).

In their reply, Defendants attach an affidavit from Loretta Barnes (ECF No. 29-2), the grievance coordinator at MCF, that was submitted in support of an exhaustion motion in *Sango v. Burt*, No. 1:19-cv-729. Defendants argue that Ms. Barnes's affidavit and the attached exhibits establish that the grievance process was available to Plaintiff while he was housed at MCF. But Ms. Barnes's affidavit explains only that the grievance process was available to Plaintiff from

6

August 29, 2019, to November 27, 2019, while he was on modified access. Even if the grievance process was otherwise available to Plaintiff, Ms. Barnes's affidavit fails to address Plaintiff's allegations that Defendants' campaign of exposing him to a risk of harm from other prisoners in response to his reporting activities to prison officials rendered the grievance process unavailable.

## IV.  Conclusion

For the foregoing reasons, I recommend that Defendants' Motion for Summary Judgment (ECF No. 24) based on Plaintiff's failure to exhaust his administrative remedies be **DENIED**.

Dated: April 19, 2021                                                       /s/ Sally J. Berens
                                                                                        SALLY J. BERENS
                                                                                        U.S. Magistrate Judge

### NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).