UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT D. SANGO #252200,

       Plaintiff,                                              Hon. Janet T. Neff

v.                                                                              Case No. 1:19-cv-1047

JASON KINSEY, et al.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 43.) Plaintiff has filed a response (ECF No. 45), and Defendants have filed a reply (ECF No. 47). Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that Defendants' motion be **GRANTED IN PART AND DENIED IN PART**.

**I. Background**

Plaintiff, a prisoner incarcerated with the Michigan Department of Corrections (MDOC), sued MDOC employees Jason Kinsey, James Povastack, James Crofoot, and Carey Coleman pursuant to 42 U.S.C. § 1983.[1] Defendants are corrections officers at Muskegon Correctional Facility (MCF) in Muskegon, Michigan, where all of the events giving rise to Plaintiff's claims occurred.

---

[1] It appears that Plaintiff incorrectly names Defendant Jason Kinsey as Kennsey in his complaint. Accordingly, the Clerk will be directed to amend the docket report to reflect Defendant Kinsey's proper name. On the other hand, Defendant Povastack's correct name is not clear. Defendants refer to him in the caption of their motion and brief as James Posvistak, but refer to him in the body of their brief as Defendant Povistak. (ECF No. 44 at PageID.245, 248.) Accordingly, Defendant Povastack's name will remain unchanged in the docket and caption unless and until counsel provides the correct name.

First, Plaintiff alleges that, on some unspecified date, as he was leaving the chow hall, non-Defendant Brock, who Plaintiff sued in Case No. 1:19-cv-729, stood by the door and said "Hail Hitler" to Plaintiff, who is Jewish. Brock then stated in a loud voice that Plaintiff did law enforcement a favor. Plaintiff alleges that prisoners in the chow line "grimmace[d]" [sic] him. Later, Plaintiff got into an altercation in the bathroom with another prisoner who told Plaintiff that he did not want to be around Plaintiff if Plaintiff was working with the police. (ECF No. 1 at PageID.2.)

Plaintiff next alleges that, on some unspecified date, Defendant Kinsey said in front of other prisoners that Plaintiff was assisting in a big drug investigation at Ernest C. Brooks Correctional Facility and that every time Plaintiff goes to court, he helps to put more prisoners away for life for trafficking fentanyl in prison. Defendant Crofoot, who was present, said that Plaintiff might get a medal of honor for all of the guys he helped put away. Plaintiff alleges that all of the prisoners who were present stopped and looked at him as if they could kill him. (*Id.* at PageID.2.)

On another occasion, Defendant Kinsey and non-Defendant Brock said that they were working to make sure Plaintiff got stabbed for suing Brock in Case No. 1:19-cv-729. (*Id.*)

Plaintiff alleges that he wrote to the inspector that Defendant Coleman was in danger in connection with his smuggling activities, and when Coleman found out, he "got with" Brock and began telling prisoners that Plaintiff was working with the State Police on a big drug bust at Brooks. (*Id.* at PageID.3–4.)

Finally, Plaintiff alleges that Defendant Povastack accused him of telling people that Povastack has a child by a white female officer who has other children by a black man. Defendant Povastack made a racial slur and dared Plaintiff to fight him. Defendant Kinsey and Brock

2

recruited Povastack to have a food service worker put bodily fluid from a prisoner with HIV/AIDS in Plaintiff's food. (*Id.* at PageID.4.)

## II. Summary Judgment Standard

Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Material facts are facts that are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

## III. Discussion

Although Plaintiff does not specifically identify his claims in his complaint, his allegations can be construed as asserting First Amendment retaliation claims, Eighth Amendment conditions-of-confinement claims, and a conspiracy claim.

Some initial observations are in order before turning to Defendants' arguments. First, although Plaintiff points out that Defendants failed to submit affidavits or declarations to support their summary judgment motion, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim." *Michigan Protection & Advocacy Serv., Inc. v. Babin*, 18 F.3d 337, 341 (6th Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Instead, the moving party need only show that there is an absence of evidence to support the

3

plaintiff's claims. *Jesmer v. Erie Ins. Co.*, No. 21-5186, 2021 WL 4473396, at *3 (6th Cir. Sept. 30, 2021) (quoting *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996)). Second, because Plaintiff signed his complaint under penalty of perjury pursuant to 28 U.S.C. § 1746, it qualifies as an affidavit for purposes of summary judgment. *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008) (citing *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993)). Third, upon initial review of Plaintiff's complaint, the Court determined that it was not subject to dismissal for failure to state a claim. (ECF No. 21 at PageID.109.) Accordingly, although brought as a motion for summary judgment, and given that the complaint functions as an affidavit, Defendants in essence seek reconsideration of the Court's initial determination that Plaintiff's allegations sufficed to establish First and Eighth Amendment claims. In fact, they concede that Plaintiff's lock history, which they attach as an exhibit to their brief, is not particularly material, as "the specific dates and times of the alleged violative behavior is [sic] not critical to the analysis of these claims." (ECF No. 44 at PageID.250.) Instead, the motion focuses on "the lack of factual assertions" in the complaint. (*Id.*) Nonetheless, the present stage of the case is materially different than initial review because "the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (citing *Tucker v. Union of Needletrades, Indus. & Textile Emps.*, 407 F.3d 784, 788–89 (6th Cir. 2005)).

    A.    **First Amendment Retaliation**

A plaintiff must prove the following elements to establish a prima facie case of retaliation: (1) he engaged in protected conduct; (2) the defendant took an adverse action against him "that would deter a person of ordinary firmness from continuing to engage in that conduct;" and (3) the adverse action was taken (at least in part) because of the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In addition, a plaintiff must be able to prove that the

protected conduct was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

### 1. **Defendant Kinsey**

Defendants concede the first element, *i.e.*, Defendant Kinsey was aware of Plaintiff's lawsuit against non-Defendant Brock. They contend, however, that Plaintiff does not allege facts establishing the second and third elements of a retaliation claim.

An action is adverse if it would deter a person of ordinary firmness from engaging in that conduct. *See Thaddeus-X*, 175 F.3d at 394. Courts within the Sixth Circuit have recognized that identifying a prisoner as having cooperated with prison authorities or law enforcement in front of other prisoners can constitute adverse action.[2] In *Ball v. Evers*, No. 19-10315, 2021 WL 3164273 (E.D. Mich. July 27, 2021), the court observed: "[i]t doesn't take much to conclude that calling a prisoner a snitch in the open and in front of other inmates certainly can be 'consequential.' It is widely understood that prisoners do not take kindly to those who report others to authorities." *Id.* at *9 (citing *Catanzaro v. Mich. Dep't of Corrs.*, No. 08-11173, 2011 WL 768115, at *5 (E.D. Mich. Feb. 10, 2011)); *see also Crum v. Wilkinson*, No. 2:04-CV-249, 2006 WL 64607, at *4 (S.D. Ohio Jan. 11, 2006) ("Labeling plaintiff a snitch in the presence of other inmates is certainly likely to deter a person of ordinary firmness from exercising the right at stake."). In *Figel v. Suardini*, No. 2:03-CV-206, 2006 WL 1662999 (W.D. Mich. June 6, 2006), Magistrate Judge Greeley, and

---

[2] Defendants' citation of *Jackson v. O'Brien*, No. 1:18-cv-00032, 2021 WL 3174687 (W.D. Pa. July 27, 2021), for the proposition that "an inmate of ordinary firmness does not experience an adverse action when a prison official calls him a snitch," is somewhat misleading, as the remainder of the quote is "for officially or unofficially complaining about *other prison officials*." Here, Plaintiff alleges that Defendant Kinsey said in front of prisoners that Plaintiff had provided information about *prisoners*, not prison officials.

ultimately, Judge Edgar, rejected the defendants' argument that calling a prisoner a "snitch" or a "rat" in front of other inmates cannot be considered adverse action. Judge Greeley cited the Sixth Circuit's unreported decision in *Jackson v. Peterson*, No. 96-1144, 1996 WL 636180, at *2 (6th Cir. Oct. 30, 1996), which observed that revealing an informant-prisoner's identity could support a retaliation claim, but found no evidence in that case that the defendant had identified the plaintiff as an informant to other prisoners. He also cited *Bell v. Johnson*, 308 F.3d 594 (6th Cir. 2002), which explained that the plaintiff's burden in a retaliation case is "merely to establish the factual basis for his claim that the retaliatory acts amounted to more than a de minimis injury," and that once that showing is made, it is for the trier of fact to determine whether, under the circumstances, the alleged adverse action was capable of deterring a person of ordinary firmness from engaging in the protected conduct. *Id.* at 606 (citing *Dawes v. Walker*, 239 F.3d 489, 493 (2d Cir. 2001), *overruled on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)). Judge Greeley ultimately determined that an issue of fact remained based on the plaintiff's allegations that the defendant called him a snitch in the presence of other prisoners and that he was directly threatened by other prisoners due to being labeled a snitch. 2006 WL 1662999, at *6.

Here, Defendant Kinsey's primary contention is that, given Plaintiff's extensive history of litigation in this Court raising similar allegations, it is clear that Plaintiff is not deterred by such comments and threats. But this is not the proper analysis. As another magistrate judge of this Court recently observed:

> The fact that Parker continued to file grievances despite an adverse action being taken against him does not categorically prove that an individual of ordinary firmness would not be deterred by the adverse action when engaging in protected conduct. Adverse action does not have to deter every person, nor any person in particular from engaging in protected conduct. Adverse action only needs to deter an individual of ordinary firmness from engaging in protected conduct. *Catanzaro v. Mich. Dep't of Corr.*, 2011 WL 7113245, at *8-10 (6th Cir. Dec. 16, 2011). As held by the Sixth Circuit, "[w]hether an alleged adverse action is sufficient to deter

6

a person of ordinary firmness is generally a question of fact." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583–84 (6th Cir. 2012) (citing *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002)).

*Parker v. Keller*, No. 2:17-cv-102, 2021 WL 4156019, at *5 (W.D. Mich. July 20, 2021), *report and recommendation adopted*, 2021 WL 4150868 (W.D. Mich. Sept. 13, 2021). In other words, "[a]n adverse action is one that is '*capable* of deterring a person of ordinary firmness,' from exercising the constitutional right in question." *Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010) (quoting *Bell*, 308 F.3d at 606); *see also Ball*, 2021 WL 3164273, at *10 ("Even if Ball himself was not intimidated, the measure of adversity is objective, that is, whether a person of ordinary firmness would be deterred, not whether the plaintiff himself actually was deterred." (cleaned up) (quoting *Holzemer v. City of Memphis*, 621 F.3d 512, 525 (6th Cir. 2010))). Thus, that Plaintiff was not deterred himself is not fatal to his retaliation claim.

Finally, as for a causal connection, Plaintiff's allegation that Defendant Kinsey and Brock said that they were working to get Plaintiff stabbed for his lawsuit against Brock adequately satisfies this requirement.

### 2. Defendant Crofoot

Defendants contend that Plaintiff's allegations against Defendant Crofoot fail to establish all the required elements of a retaliation claim. While Crofoot's comment that Plaintiff should receive a medal for all the "guys [he] put away" could satisfy the adverse action requirement for the same reasons set forth for Defendant Kinsey, Plaintiff fails to allege any fact indicating a causal connection to his protected conduct. The Court could surmise from Plaintiff's allegations that Defendant Crofoot might have been aware of Plaintiff's lawsuit against Brock, but speculation cannot defeat a motion for summary judgment. *See Jennings v. Cnty. of Monroe*, 630 F. App'x 547, 555 (6th Cir. 2015) ("A party cannot defeat summary judgment with '[c]onclusory

7

allegations, speculation, and unsubstantiated assertions.'" (quoting *Gooden v. City of Memphis Police Dep't*, 67 F. App'x 893, 894 (6th Cir. 2003))). Moreover, Plaintiff provides no additional details about Defendant Crofoot in his declaration submitted in response to Defendants' motion. (ECF No. 46.)

Accordingly, I recommend that the retaliation claim against Defendant Crofoot be dismissed.

### 3. Defendant Coleman

Defendants concede that Plaintiff sufficiently alleges the first element of his claim against Defendant Coleman—reporting officer misconduct to a prison inspector. (ECF No. 44 at PageID.262.) They contend, however, that Plaintiff fails to establish the remaining two elements. Plaintiff alleges that when Coleman learned that Plaintiff had written to the inspector, Coleman "got with" Brock and began "telling people" that Plaintiff was working with the police about a big drug bust at Ernest C. Brooks. (ECF No. 1 at PageID.4.) The key question is whether Plaintiff sufficiently alleges adverse action, because if he does, causation is sufficiently alleged.

Defendants note that Plaintiff does not identify the persons to whom Coleman made these comments or when he made them. They further contend that Plaintiff fails to allege facts showing that Coleman's comments actually created a risk of inciting other inmates against Plaintiff. (ECF No. 44 at PageID.263.) Although Plaintiff does not allege such facts in his complaint, he does provide additional details in his declaration in response to Defendants' motion that clarify his allegations in his complaint. In particular, he states that after learning that Plaintiff wrote a kite to the inspector, Coleman began to tell prisoners that Kinsey and Brock's report about Plaintiff working with the state police was true, while Plaintiff stood nearby. (ECF No. 46 at PageID.292.) Although Plaintiff does not provide specific dates and times when Coleman made the alleged

8

statements, as previously noted, Defendants concede that such information is "not critical to the analysis of these claims." (ECF No. 44 at PageID.250.) Therefore, I recommend that the motion be denied with regard to this claim.

### 4. Defendant Povastack

Defendants contend that Plaintiff has not alleged any of the required elements for a retaliation claim against Defendant Povastack. Plaintiff has arguably alleged sufficient facts to establish the first two elements of his claim. First, although Plaintiff does not allege any particular protected conduct, he alleges that Kinsey and Brock, who sought to retaliate against Plaintiff for his lawsuit against Brock, recruited Povastack to have a food service worker put bodily fluid in Plaintiff's food. This indicates that the protected conduct was the lawsuit against Brock. Next, Defendants are correct that name calling (ECF No. 1 at PageID.4 ("called me a dirty nigger Jew")), is too de minimis to amount to adverse action. *See Bell*, 308 F.3d at 606 ("harmless name-calling" does not satisfy the adverse action requirement); *Marr v. Case*, No. 1:07-cv-823, 2008 WL 191326, at *10 (W.D. Mich. Jan. 18, 2008) ("[N]ame-calling, however reprehensible, is not adverse action under the Constitution"). On the other hand, threatening to recruit a prisoner to place bodily fluid in another prisoner's food could certainly deter a person of ordinary firmness from engaging in protected conduct. *See Bell*, 308 F.3d at 605 (actions causing the plaintiff to worry about guards tampering with his food could have had an intimidating effect on the plaintiff). Thus, Plaintiff sufficiently alleges adverse action. However, Plaintiff's claim fails on the third element, proof of retaliatory motive. Plaintiff claims that Kinsey and Brock recruited Povastack to tamper with Plaintiff's food, but he alleges no fact suggesting that Povastack understood why Kinsey and/or Brock had recruited him to target Plaintiff. One might surmise that Povastack must have known that he was being recruited to engage in some sort of retaliation, but Plaintiff alleges no fact that supports such an inference. In other words, that conclusion would be based on speculation, not

admissible evidence. As the Sixth Circuit has observed, "conclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)).

Accordingly, I recommend the Court grant Defendants' motion on this claim.

### B. Eighth Amendment

Defendants contend that Plaintiff fails to allege adequate facts to support an Eighth Amendment claim. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). Prison officials' conduct that involves the "unnecessary and wanton infliction of pain" is thus unlawful. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). Prisoners in state custody also have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 833 1977 (1994). Prison staff are thus obliged "to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984). The Sixth Circuit has observed that identifying a prisoner as an informant or snitch may constitute deliberate indifference to the inmate's safety. *See Comstock v. McCrary*, 273 F.3d 693, 699 n.2 (6th Cir. 2001); *LaFountain v. Martin*, 334 F. App'x 738, 741 (6th Cir. 2009) (citing *Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001) (noting that "labeling an inmate a snitch satisfies the *Farmer* standard, and constitutes deliberate indifference to the safety of that inmate")). Under *Farmer*, to establish an Eighth Amendment failure-to-protect claim, a plaintiff must establish that he reasonably fears an attack. 511 U.S. at 834; *see also Thompson v. County of Medina*, 29 F.3d 238, 242–43 (6th Cir. 1994) (noting that while the Sixth Circuit has held that a plaintiff asserting a personal safety claim

need not demonstrate that he was actually attacked, he must establish that he reasonably feared such an attack).

Defendants contend that Plaintiff's Eighth Amendment claim fails because he never suffered physical injury. (ECF No. 44 at PageID.91–94.) Defendants cite reported and unreported Sixth Circuit cases to support their position, as well as cases from district courts within the Sixth Circuit. *See*, *e.g.*, *Thompson v. Mich. Dep't of Corrs.*, 25 F. App'x 357 (6th Cir. 2002); *Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998); *White v. Trayser*, No. 10-CV-11397, 2011 WL 1135552 (E.D. Mich. Mar. 25, 2011); *Catanzaro v. Mich. Dep't of Corrs.*, No. 08-11173, 2009 WL 4250027 (E.D. Mich. Nov. 19, 2009); *Gibbs v. Ball*, No. 07-15462, 2009 WL 331604 (E.D. Mich. Feb. 11, 2009). Judges in this district, applying *Farmer* and *Thompson v. County of Medina*, *supra*, have concluded that, "[w]hile a prisoner does not need to prove that he has been the victim of an actual attack to bring a personal safety claim, he must at least establish that he reasonably fears such an attack." *Dukuly v. Nuttall*, No. 1:21-cv-519, 2022 WL 292248, at *3 (W.D. Mich. Feb. 1, 2022) (citing *Thompson*, 29 F.3d at 242–43); *see also Murphy v. Sterle*, No. 1:21-cv-457, 2022 WL 292249, at *6 (W.D. Mich. Feb. 1, 2022) (same); *Success v. Macauley*, No. 1:21-cv-254, 2021 WL 5002311, at *15 (W.D. Mich. Oct. 28, 2021) (acknowledging cases requiring that a plaintiff establish an attack or physical harm as a result of being labeled a snitch to support an Eighth Amendment claim, but noting that under *Farmer*, a plaintiff need not show that he was the victim of an actual attack and instead need only show "that he reasonably fears such an attack"). Thus, under Supreme Court and Sixth Circuit precedent, a plaintiff need only show that he reasonably feared an attack to support an Eighth Amendment personal safety claim.

The question is whether Plaintiff alleged sufficient facts in his complaint to establish that he reasonably feared an attack. The only allegation that touches on the issue is in paragraph seven,

11

in which Plaintiff alleges that, after Brock made his comment, Plaintiff got into an altercation with a prisoner while in the bathroom who told Plaintiff that he did not want Plaintiff around him if he was working with the police. (ECF No. 1 at PageID.2.) Nothing in this allegation indicates that the prisoner attacked Plaintiff or threatened an attack. Moreover, it followed comments by non-Defendant Brock, not by Defendants Kinsey, Crofoot, or Coleman. Although Plaintiff includes facts in his declaration in response to Defendants' motion about being attacked on several occasions, these facts do not appear, and are not even hinted at, in Plaintiff's verified complaint. As a general rule, a court may not consider facts not alleged in a complaint when ruling on a motion for summary judgment. *Ogletree v. McNamara*, 449 F.2d 93, 99 (6th Cir. 1971); *see also Prim Capital Corp. v. May* (*In re May*), No. 05-10521, 2006 WL 4458360, at *5 (Bankr. N.D. Ohio Aug. 14, 2006) ("Rather than respond to May's arguments set forth in the motion, Prim responded with an entirely new theory of recovery that is based on facts not alleged in the complaint. Therefore, Prim's new theory based on the financial statements is not properly before the Court, and the Court declines to consider it."). Plaintiff's new facts thus may not be considered at this juncture.

Accordingly, I recommend that the Court grant Defendants' motion with regard to Plaintiff's Eighth Amendment claim.

    **C.**    **Conspiracy**

Plaintiff has not responded to Defendants' argument that his conspiracy claim fails as a matter of law and should be dismissed. Thus, Plaintiff has waived this claim. *See Alexander v. Carter for Byrd*, 733 F. App'x 256, 261–62 (6th Cir. 2018) ("When a plaintiff fails to address a claim in response to a motion for summary judgment, the claim is deemed waived.") (internal quotation marks and edits omitted) (citing *Haddad v. Sec'y, U.S. Dep't of Homeland Sec.*, 610 F. App'x 567, 568–69 (6th Cir. 2015)). In any event, as Defendants point out, the claim would be

barred by the intra-corporate conspiracy doctrine, which provides that if "all of the defendants are members of the same collective entity, there are not two separate 'people' to form a conspiracy." *Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Ed.*, 926 F.2d 505, 510 (6th Cir. 1991). The Sixth Circuit extended the doctrine to claims under 42 U.S.C. § 1983 in *Jackson v. City of Cleveland*, 925 F.3d 793, 817-19 (6th Cir. 2019). The *Jackson* court said that, unless members of the same collective entity are acting outside the scope of their employment, they are deemed to be one collective entity and not capable of conspiring. *Id.* at 819. Here, Defendants were all employees of the MDOC acting within the scope of their employment as corrections officers.

### D. Qualified Immunity

Last, Defendants contend that they are entitled to qualified immunity. In light of the foregoing recommendations, this argument applies only with regard to the retaliation claims against Defendants Kinsey and Coleman.

The doctrine of qualified immunity provides that government officials performing discretionary functions are generally shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional right of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999). An "objective legal reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

The qualified immunity inquiry requires a court to decide whether the facts as alleged or shown make out a constitutional violation and whether the right that was allegedly violated was a

clearly established right at the time of the alleged misconduct. *Id.* at 232. If the court can conclude that either no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either prong of the inquiry without regard to sequence. *Id.* at 236. As discussed above, genuine issues of fact remain as to whether Defendants Kinsey and Coleman retaliated against Plaintiff for filing a lawsuit against Brock and for reporting Coleman's situation to the prison inspector. Such conduct constitutes constitutionally-protected activity that may not be the basis for retaliation, and that right was clearly established at the time of the alleged incidents in this case. *See Smith*, 250 F.3d at 1037; *O'Neal v. Lemmerman*, No. 2:19-CV-32, 2021 WL 3615851, at *2 (W.D. Mich. Aug. 16, 2021) ("A reasonable prison official would have been aware that calling a prisoner a rat multiple times loud enough for other inmates to hear in retaliation for the inmate's exercising his First Amendment rights could give rise to constitutional liability."). Accordingly, Defendants Kinsey and Coleman are not entitled to qualified immunity on Plaintiff's retaliation claim.

## IV. Conclusion

For the foregoing reasons, I recommend that Defendants' Motion for Summary Judgment (ECF No. 43) be **GRANTED** with regard to Plaintiff's retaliation claims against Defendants Crofoot and Povastack and Plaintiff's Eighth Amendment and conspiracy claims against all Defendants. I recommend that the motion be **DENIED** as to Plaintiff's retaliation claims against Defendants Kinsey and Coleman.

Dated: May 24, 2022                    /s/ Sally J. Berens
                                        SALLY J. BERENS
                                        U.S. Magistrate Judge

**NOTICE**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).